IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WHISTLE STOP FARMS, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-03309 |
| ) | |
| BOARD OF MAYOR AND ALDERMEN ) | Judge Crenshaw |
| FOR THOMPSON'S STATION, ) | Magistrate Judge Brown |
| TENNESSEE; THE TOWN OF ) | |
| THOMPSON'S STATION, ) | |
| TENNESSEE, ) | |
| ) | |
| Respondents. ) | |

## TOWN OF THOMPSON'S STATION'S ANSWER TO AMENDED PETITION

Respondent, the Town of Thompson's Station, Tennessee (the "Town"), hereby submits this Answer to the Amended Petition for Writ of Certiorari and Writ of Supersedeas filed by Whistle Stop, LLC ("Petitioner").

## ANSWER

1. Responding to the allegations in Paragraph 1, it is admitted, upon information and belief, that Petitioner is a Tennessee limited liability company, having its principal place of business located at 144 Southeast Parkway, Suite 230, Franklin, Williamson County, Tennessee. The Town is without specific knowledge as to the business of Petitioner; thus, that allegation is denied. The Town admits upon information and belief that Petitioner was the owner of the real property identified in the Amended Petition. All remaining allegations in Paragraph 1 are denied.

2. Responding to the allegations in Paragraph 2, it is admitted that the Board of Mayor and Alderman ("BOMA") is the governing body of the Town. It is admitted that the Thompson's Station Municipal Planning Commission ("Planning Commission") was established by ordinance of the BOMA pursuant to Tenn. Code Ann. § 13-4-101. It is admitted

that the Planning Commission exercises planning duties pursuant to its authority under state law. All other allegations in Paragraph 2 of the Amended Petition are denied.

3. The allegations in Paragraph 3 of the Amended Petition are admitted.

4. Because the action was removed, the allegations in Paragraph 4 are denied as stated.

## Facts

5. It is admitted, upon information and belief, that the Petitioner purchased the real property identified in the Amended Petition and that Petitioner has proposed a 343 lot, residential subdivision to be known as Whistle Stop ("the Development") on the property. All remaining allegations in Paragraph 5 are denied.

6. It is admitted that Petitioner has proposed 343 lots for the Development and that Petitioner has proposed 46 residential lots for "Phase I" of the Development. It is admitted that this Writ involves Petitioner's request for connection to the Town's wastewater system for Phase I. All other allegations in Paragraph 6 of the Amended Petition are denied.

7. It is admitted that former Town Administrator Greg Langoliers informed Petitioner that it must reserve capacity for the entire Development before submitting a preliminary plat. It is further admitted that the Petitioner deposited $3,430.00 in capacity reservation fees with the Town and that the language of Town Ordinance No. 09-003 speaks for itself. All remaining allegations in Paragraph 7 of the Amended Petition are denied.

8. It is admitted that the Town's Municipal Code ("Municipal Code") contains the codified ordinances of the Town. The Municipal Code as a whole and Title 18 of the Municipal Code specifically speak for themselves. All other allegations in Paragraph 8 of the Amended Petition are denied.

9. It is admitted that the Planning Commission approved a preliminary plat for Phase I of the Development on October 22, 2013, subject to certain conditions and contingencies.

10. It is admitted that the Planning Commission considered a preliminary plat for the Development on October 22, 2013. It is admitted that the Planning Commission approved the preliminary plat for Phase I of the Development, subject to certain conditions and contingencies. It is admitted that the Petitioner has quoted language from the "Record of Action" of the Planning Commission, and that the document speaks for itself. It is admitted that Petitioner has attached documents marked as Collective Exhibit A to the Amended Petition, including what appear to be copies of the preliminary plat for Phase I of the Development and a copy of the minutes from the October 22, 2013 Planning Commission meeting. The remaining allegations in Paragraph 10 of the Amended Petition are denied.

11. The allegations in Paragraph 11 are denied.

12. Upon information and belief, the Town Engineer initially approved some construction plans proposed by Petitioner for Phase I of the Development on or about June 30, 2014. The remaining allegations in Paragraph 12 of the Amended Petition are denied.

13. The allegations in Paragraph 13 of the Amended Petition are admitted.

14. Upon information and belief, the allegations in Paragraph 14 of the Amended Petition are admitted.

15. Responding to the allegations in Paragraph 15, it is denied that Petitioner obtained a "Sewer Approval" as described in the Amended Petition. It is admitted upon information and belief that Petitioner commenced preliminary grading work upon the property identified in the Amended Petition. The Town is without knowledge as to any costs, incurred costs, expenses, and obligations associated with Phase I, except that it is admitted that the Petitioner deposited $115,000.00 in system development fees; $3,430.00 in capacity

reservation fees; and $3,532.45 in preliminary plat fees with the Town concerning Phase I of the Development. All remaining allegations in Paragraph 15 of the Amended Petition are denied.

16. The Town lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Amended Petition. Thus, the allegations are denied and strict proof is demanded thereof.

17. It is admitted that the Town has not returned the $115,000.00 in system development fees; $3,430.00 in capacity reservation fees; and $3,532.45 in preliminary plat fees that Petitioner deposited with the Town.

18. Responding to the allegations in the first sentence of Paragraph 18, it is admitted that the Town Administrator advised Petitioner as early as July 2014 that it would have to obtain wastewater approval from the BOMA. The allegations in the second sentence of Paragraph 18 of the Amended Petition are denied.

19. Responding to the allegations in Paragraph 19, it is admitted that on August 8, 2014, the Town Attorney advised Whistle Stop representatives that the concept plan submitted in 2013 "was approved by the Town Administrator as a minor modification to the original concept plan" and that the concept plan would not have to be submitted to the Board. The email speaks for itself. All other allegations in Paragraph 19 of the Amended Petition are denied.

20. Responding to the allegations in Paragraph 20, it is admitted that the Town, including through its Town Administrator, at various times – both before and during January 2015 – advised Petitioner that it would have to obtain wastewater approval from the BOMA. All remaining allegations in Paragraph 20 of the Amended Petition are denied.

21. The allegations in Paragraph 21 of the Amended Petition are denied.

22. Responding to the allegations in Paragraph 22, the Town lacks sufficient information to admit or deny any actions of Petitioner, as alleged in this Paragraph; thus, the allegations are denied and strict proof is demanded thereof. All remaining allegations in Paragraph 22 of the Amended Petition are denied.

23. Responding to the allegations in Paragraph 23, it is admitted that the Town Administrator wrote to the BOMA in a letter dated February 4, 2015, and that the letter speaks for itself. It is admitted that the letter states, among other things, that "it is reasonable to allow a temporary connection to the Heritage Commons facility in order for phase 1 to continue as approved by the Town." All remaining allegations in Paragraph 23 of the Amended Petition are denied.

24. Responding to the allegations in Paragraph 24, it is admitted that the BOMA met in public on February 10, 2015. It is denied that the BOMA revoked the "Sewer Approval" as described in the Amended Petition. It is admitted that the BOMA denied the Petitioner's request to connect to the Town's wastewater system as presented. All other allegations in Paragraph 24 of the Amended Petition are denied.

25. The Town lacks sufficient knowledge to admit or deny the allegations in Paragraph 25 of the Amended Petition; thus, they are denied.

26. Paragraph 26 of the Amended Petition states a legal conclusion, and the referenced legal statute speaks for itself; therefore, no response to this statement is required.

27. Paragraph 27 of the Amended Petition states a legal conclusion, and the referenced legal statute speaks for itself; therefore, no response to this statement is required.

28. Paragraph 28 of the Amended Petition states a legal conclusion, and the referenced legal statute speaks for itself; therefore, no response to this statement is required.

29. Paragraph 29 of the Amended Petition states a legal conclusion, and the referenced Municipal Code provision speaks for itself; therefore, no response to this statement is required.

30. Paragraph 30 of the Amended Petition states a legal conclusion, and the referenced Municipal Code provision speaks for itself; therefore, no response to this statement is required.

31. Paragraph 31 of the Amended Petition states a legal conclusion, and the referenced Municipal Code provision speaks for itself; therefore, no response to this statement is required. Insofar as this Paragraph contains factual allegations for which a response is required, the allegations are denied.

32. Paragraph 32 of the Amended Petition states a legal conclusion, and the referenced legal authorities speak for themselves; therefore, no response to this statement is required. Insofar as this Paragraph contains factual allegations for which a response is required, the allegations are denied.

33. The allegations contained in Paragraph 33 of the Amended Petition are denied.

34. The allegations contained in Paragraph 34 of the Amended Petition are denied.

35. The allegations contained in Paragraph 35 of the Amended Petition are denied.

36. The allegations contained in Paragraph 36 of the Amended Petition are denied.

37. Paragraph 37 of the Amended Petition is a prayer for relief and contains no factual allegations for which a response is required. The Town affirmatively denies, however, that Petitioner is entitled to any of the relief it seeks.

**PRAYER FOR RELIEF**

It is denied that Petitioner is entitled to any of the relief it seeks.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer to the Amended Petition is hereby denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1. The Town denies that Petitioner is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. The Town did not violate any right to which Petitioner was entitled.

3. Petitioner has asserted no liberty or property interest that is subject to constitutional protection.

4. Petitioner's claims may be barred in whole or in part by the applicable statute of limitations.

5. Petitioner's claims may be barred in whole or in part by the doctrines of res judicata, collateral estoppel, and waiver.

6. Petitioner has failed to exhaust its administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, having answered Petitioner's Amended Petition, Respondent Town of Thompson's Station prays:

1. That this be accepted as its Answer herein;

2. That this cause be dismissed and held for naught;

3. That all costs and other reasonable fees be charged to and borne by Petitioner; and

4. For such other relief as the Court deems appropriate.

Respectfully submitted,

KLEIN BUSSELL, PLLC

/s/ Allison L. Bussell
ALLISON L. BUSSELL (BPR No. 23538)
1224 6th Avenue North
Nashville, Tennessee 37208
p (615) 600-4803
f (615) 600-4780
allison.bussell@kleinbussell.com

COOL SPRINGS LAW FIRM

J. Todd Moore (BPR No. 15565)
1612 Westgate Circle, Suite 218
Brentwood, Tennessee 37027
p (615) 290-5355
f (866) 800-0980
todd@coolspringslawfirm.com

*Counsel for Defendant Town of Thompson's Station*

### Certificate of Service

I hereby certify that a copy of the foregoing has been forwarded via the CM/ECF electronic filing system on this the 12th day of February, 2017 to the following:

| | |
|---|---|
| Joshua R. Denton | Douglas S. Hale |
| Thomas McFarland | HALE AND HALE, PLC |
| GULLETT SANFORD ROBINSON & MARTIN PLLC | 231 Public Square, Suite 312 |
| 150 Third Avenue South, Suite 1700 | Franklin, TN 37064 |
| Nashville, TN 37201 | |

/s/ Allison L. Bussell
Allison L. Bussell